No. 19,335.

MARTHA MARKLINGER, *Appellant*, v. THE UNION
PACIFIC RAILROAD COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

DEATH — *Flagman at Highway Crossing — No Action against Railroad Company.* Where a flagman stationed at a highway crossing to give warning of an unsafe condition of the track is struck and killed by a train, no action against the railway company on account of his death can be based on the failure of the enginemen to sound the whistle or to stop the train promptly upon being signaled to do so by torpedoes placed on the track. .

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed April 10, 1915. Affirmed.

*A. D. Gilkeson,* and *J. H. Simminger,* both of Hays, for the appellant.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Joseph Marklinger, a section hand, was struck and killed by a train of the Union Pacific Railroad Company. In an action brought against the company by his widow a demurrer to the evidence was sustained, and she appeals.

The evidence was to this effect: About two o'clock on the morning of June 21 the section foreman stationed Marklinger as a flagman at a highway crossing two or three miles east of Buffalo Park, just west of a place where for a quarter of a mile the track was overflowed as a result of a recent rain, his duty being to give signals to stop trains, so that they would not run in on the soft place where the section crew were at work. One train from the east was stopped by the foreman, who told the engineer of the condition of the track. The train then proceeded. About daylight the foreman, who was about a quarter of a mile east of the crossing, saw a passenger train some two miles away, coming from the west, seven hours late. He wrote a message to give to its conductor, to be delivered to the telegraph agent at the next station, suggesting that slow orders be given, and asking for help at the overflowed place. This train struck and killed Marklinger. The rules required a flagman, when sent out to stop a train on account of a dangerous condition of the track, to place two torpedoes on the rail, about thirty feet apart, a half mile from the danger point, and a third at a distance of a quarter of a mile, the two first ones being spoken of as the caution signal and the other as the stop signal. The flagman was expected to remain at the stop signal until relieved. Upon hearing the caution signal the engineer was expected to respond by

two short blasts of the whistle and to look out for stop signals ahead.   Marklinger placed two torpedoes about a quarter of a mile west of the crossing, and the third about thirty feet west of where he was killed.   Each of them exploded.   His body was found between the west cattleguard and the wagon road.   Before being stopped the train ran beyond the third torpedo a distance estimated at from 150 to 300 feet.   No whistle was sounded until the stop signal was reached, when two short blasts were given.

The acts relied upon as constituting actionable negligence on the part of the defendant are the failure to sound the whistle for the crossing, and as an answer at the time the caution signal was reached, and the failure to stop the train sooner.   The failure to blow the whistle for the crossing was not the omission of a duty owing to the flagman.   (*St. L. & S. F. Rly. Co. v. Payne,* 29 Kan. 166; *Clark v. Mo. Pac. Rly. Co.,* 35 Kan. 350, 11 Pac. 134; Note, 17 L. R. A. 254.)   The requirements that the engineer should sound the whistle in answer to the caution signal, and should stop the train promptly upon hearing the stop signal, were obviously intended for the protection of the passengers, and not for the flagman, and their violation could not be the foundation of an action on his part.

Moreover, the conclusion is irresistible that the accident could not have happened but for the negligence of the flagman.   He was charged with the errand of stopping the train.   He was performing no duties that required his attention elsewhere.   Witnesses who were on the other side of the highway saw the train about two miles away, and it was in sight from that time.   They also heard the torpedoes explode.   If the decedent had exercised ordinary diligence he must have been advised of the approach of the train.   There is no room for charging the trainmen with wantonness.

The judgment is affirmed.